```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------

LEON G. WILSON,

                Plaintiff,

     - against -

AMERICAN POSTAL WORKERS UNION,
AFL-CIO, ET AL.,

                Defendants.

-----------------------------------

11 Civ. 3097 (JGK)(KNF)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL**, District Judge:

    The plaintiff, Leon Wilson, brings this action against the defendants, American Postal Workers Union, AFL-CIO, Local 51 ("Local 51") and the United States Postal Service ("USPS"), asserting claims arising out of the USPS's failure to promote the plaintiff to "Career Employee" status.  The USPS now brings this motion to dismiss the action for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

I.

    As explained below, the plaintiff has withdrawn the claims against the USPS that the USPS argued should be dismissed for

---

[1] The parties have stipulated and agreed that Local 51's time to answer or otherwise move with respect to the plaintiff's amended complaint is extended to 30 days following the resolution of the current motion.

1

lack of jurisdiction under Rule 12(b)(1). That leaves only the motion of the USPS to dismiss for failure to state a claim under Rule 12(b)(6).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); See Arista Records LLC v. Lime Grp. LLC, 532 F. Supp. 2d 556, 566 (S.D.N.Y. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)(quoting Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993)); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).[2]

## II.

The relevant facts, as alleged by the parties, are undisputed unless otherwise noted.  The plaintiff is an employee of the USPS who was assigned to the Westchester Processing and Distribution Center ("WPDC") of the USPS in 1999.  (Am. Compl. ¶¶ 9-11; Pl.'s Decl. ¶ 2.)  The plaintiff was initially employed as a "Casual Employee", a position that did not afford the

---

[2] The plaintiff submitted a declaration which expands on the allegations in the Amended Complaint.  The USPS has not objected to the consideration of those allegations and the plaintiff could file another Amended Complaint and include them.

plaintiff union rights. (Am. Compl. ¶¶ 9, 13; Pl.'s Decl. ¶ 2.) The plaintiff took and passed the entry level exams for the clerk and mail handler positions. (Am. Compl. ¶ 12; Pl.'s Decl. ¶ 3.) He was subsequently placed on two waiting lists for these positions, along with similarly situated employees. (Pl.'s Decl. ¶ 3.)

In 2002, the plaintiff's employment status was upgraded to that of a "Transitional Employee." (Pl.'s Decl. ¶ 3.) This new employment status allowed the plaintiff to become a union member and to be covered by the 2000-2006 American Postal Workers Union Collective Bargaining Agreement ("CBA") between Local 51 and the USPS. (Pl.'s Decl. ¶ 3.) The plaintiff did subsequently join and become a fee paying member of Local 51. (Am. Compl. ¶ 13; Pl.'s Decl. ¶ 3.) As a "Transitional Employee," the plaintiff was also a member of the bargaining unit that was represented by Local 51. (Am. Compl. ¶ 13.) However, "sometime" in 2005, the USPS eliminated its Transitional Employee Program, which downgraded the plaintiff's employment status back to a Casual Employee. (Am. Compl. ¶ 13; Pl.'s Decl. ¶ 4.) At that time, the plaintiff was no longer union member and the USPS alleges that he was no longer covered by any CBA.

Between 2005 and 2010, the plaintiff alleges that he contacted Local 51 several times regarding promotion off of the

waiting list.  (Pl.'s Decl. ¶ 4.)  He asserts that he was assured by Union Representative Joseph Terriciano and Plant Manager Grace Dilpy that he would be hired but he was at the bottom of the waiting list and would have to wait until his name was reached.  (Pl.'s Decl. ¶ 4.)  Accordingly, the plaintiff took no action at that time.

In November 2010, the plaintiff alleges that he learned from a co-worker, Lorna Chambers, that all of the other co-workers who were similarly situated to him on the mail handler and clerk waiting lists were selected to become career employees while the plaintiff was the only one who was not selected. (Pl.'s Decl. ¶ 5.)  Additionally, the plaintiff alleges that he learned that Local 51 and WPDC management had formed a committee that made the decision to single the plaintiff out for nonappointment from both waiting lists because the plaintiff had raised safety concerns and because he is a Black Panamanian. (Pl.'s Decl. ¶ 5.)

The plaintiff alleges that he contacted the President of Local 51 within 14 days of learning this information, seeking assistance, and seeking to file a grievance alleging that he should have been appointed from the USPS waiting list during the period between 2002 and 2005.  (Pl.'s Decl. ¶ 6.)  Local 51 declined to assist the plaintiff.  (Pl.'s Decl. ¶ 6.)

The plaintiff's amended complaint seeks damages and retroactive promotion for violations of Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C.A. § 159(a); Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C.A. § 185; and Section 1208(b) of the Postal Reorganization Act ("PRA"), 39 U.S.C.A. § 1208(b).  The plaintiff alleges that the USPS breached the CBA by failing to promote him based on discriminatory and whistleblowing reasons. (Am. Compl. ¶ 28.)  The plaintiff also alleges that Local 51 breached its duty of fair representation owed to the plaintiff pursuant to Section 9(a) of the NLRA.  The USPS now moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### III.

The plaintiff's claims form a "hybrid" claim.  <u>See</u> <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 165 (1983).  Although formally comprised of two separate causes of action, a hybrid claim alleges that an employer breached a collective bargaining agreement in violation of Section 301(c) of the LMRA, 29 U.S.C. § 185, and a union breached its duty of fair representation, a duty implied from Section 9(a) of the NLRA, 29 U.S.C. § 159(a).  <u>Id.</u> at 164.  In this case, the

plaintiff is clearly trying to assert a hybrid claim. First, the plaintiff alleges that his employer, the USPS, breached the applicable collective bargaining agreement by failing to promote him based on impermissible considerations including his race and whistleblowing activities. Second, the plaintiff alleges the union, Local 51, breached its duty of fair representation that it owed to the plaintiff by declining to assist him in filing a grievance.

At the oral argument of the current motion, the plaintiff withdrew any claim against the USPS under the LMRA and the NLRA. These were the two claims as to which the USPS had asserted a motion to dismiss under Rule 12(b)(1) because the USPS argued that the plaintiff could not assert a claim against it under either statute.[3] Therefore, these claims against the USPS are withdrawn and the motion to dismiss under Rule 12(b)(1) is **denied without prejudice as moot**.

Claims by an employee against the USPS for violations of a collective bargaining agreement between the USPS and a labor organization are properly brought under § 1208(b) of the PRA, 39

---

[3] The USPS is not an "employer" within the meaning of Section 301(c) of the LMRA. See 29 U.S.C. § 152(2) (2006); Beckman v. U.S. Postal Serv., 79 F. Supp. 2d 394, 400 (S.D.N.Y. 2000). The NLRA claim is properly asserted only against Local 51 which is not a party to this motion.

7

U.S.C. § 1208(b).  See Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 766 F.2d 715, 720 (2d Cir. 1985).  Because "section 1208(b) tracks the language of 29 U.S.C. § 185(a)[4] . . . federal courts have consistently applied the principles applicable to [§ 301 of the LMRA] suits against non-governmental employers to § 1208(b) actions brought against the USPS." Beckman v. U.S. Postal Serv., 79 F. Supp. 2d 394, 400 (S.D.N.Y. 2000) (citing Young, 907 F.2d at 307) (citation omitted); Am. Postal Workers Union, 766 F.2d at 720.  Thus, the plaintiff can maintain this action against the USPS under § 1208(b) of the PRA and also maintain his hybrid claim provided he can show both that the USPS breached the CBA and that Local 51 breached its duty of fair representation.  See Cover v. Am. Postal Workers Union-AFL-CIO, 357 F. App'x 336, 338 (2d Cir. 2009) (summary

---

[4] Compare 39 U.S.C. § 1208(b) (2006) ("Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy."), with 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ..., or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.").

8

order).  The USPS does not dispute the plaintiff's ability to bring a hybrid claim under the PRA.

**IV.**

The USPS moves to dismiss the plaintiff's claim for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

The USPS argues that the plaintiff cannot sustain his hybrid claim against the USPS because the plaintiff cannot show that Local 51 breached its duty of fair representation. Although an individual employee may bring suit against an employer for breach of a collective bargaining agreement, the employee is ordinarily required to exhaust the grievance-arbitration procedures provided in the agreement. See DelCostello, 462 U.S. at 163. However, "this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." See id. at 164. Accordingly, an employee may bring an action alleging a breach of the collective bargaining agreement without exhausting the grievance-arbitration procedures provided that the employee can also demonstrate a breach of the duty of fair representation by the union. See id. In such a case, "the Union's breach is a

9

prerequisite to consideration of the merits of plaintiff's claim against [a] former employer." Young, 907 F.2d at 307. The plaintiff does not argue that he exhausted the grievance procedures. Therefore, the threshold issue is whether the plaintiff has pleaded sufficient facts to raise a plausible claim that Local 51 breached its duty of fair representation.

The plaintiff alleges that Local 51 breached its duty of fair representation by refusing to assist the plaintiff in filing his grievance against the USPS. A union breaches its duty of fair representation when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 76 (1991); see also Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43 (2d Cir. 1989); Gorham v. Transit Workers Union of Am., AFL-CIO, Local 100, NYCTA, No. 98 Civ. 313, 1999 WL 163567, at *3 (S.D.N.Y. Mar. 24, 1999). While an employee does not have an absolute right to have a grievance taken to arbitration, the Union may not arbitrarily ignore a meritorious grievance. Vaca v. Sipes, 386 U.S. 171, 191 (1967); see also Morton v. Anchor Motor Freights, Inc., No. 73 Civ. 3755, 1975 WL 1035, at *2 (S.D.N.Y. Mar. 11, 1975) ("[W]hile a union could refuse to handle a grievance . . . for a multitude of reasons, it may not do so without a reason." (quoting Griffin v. Int'l Union Auto.,

Aerospace, & Agr. Implement Workers of Am., UAW, 469 F.2d 181, 183 (4th Cir. 1972)).

As alleged, the decision not to promote the plaintiff to Career Employee status because he is a "Black Panamanian" would violate Article 2 of the 2000-2006 CBA, which states that "there shall be no discrimination by the Employer or the Union against employees because of race, color, creed, religion, national origin, sex, age, or marital status." (CBA at 5.) The plaintiff alleges that Local 51 and the WPDC Management formed a Committee and made a decision to single the plaintiff out for nonappointment based on his whistleblowing activities and his race. (Pl.'s Decl. ¶ 5.) Accordingly, the plaintiff has alleged a meritorious grievance if it were supported. Accepting the plaintiff's allegations as true, Local 51's decision not to assist the plaintiff and indeed its cooperation with management to thwart the plaintiff's promotion for improper reasons was a breach of its duty of fair representation, especially given that neither Local 51 nor the USPS has provided the Court with any justification for their decision. At this stage, the Court cannot say that the plaintiff has failed to state fair representation claim.

The USPS argues that Local 51 did not owe any duty to represent the plaintiff fairly in filing a grievance because he

only sought representation in 2010 and he had ceased to be a Transitional Employee in 2005.  Moreover, the USPS argues, the CBA, under which the plaintiff argues he was entitled to representation, had expired by the time he raised the grievance in 2010 and had been replaced by a new CBA.  Accordingly, the USPS asserts that, as a matter of law, the plaintiff cannot plead that Local 51 breached its duty of fair representation.

Generally, grievance-arbitration procedures do not continue in effect after the expiration of a collective bargaining agreement.  See Litton Fin. Printing Div., a Div. of Litton Bus. Sys. v. NLRB, 501 U.S. 190, 200 (1991).  Indeed the USPS points out that "[c]ollective bargaining agreements do not . . . extend contract rights created and arising under the contract, beyond its life, when it has been terminated in accordance with its provisions."  National Ass'n of Broadcast Emps. & Technicians, AFL-CIO CLC v. RKO Gen., Inc., No. 84 Civ. 3889, 1986 WL 181, at *2 (S.D.N.Y. Apr. 4, 1986) (quoting Sys. Fed'n No. 59 of Ry. Emps. v. La. & A. Ry. Co., 119 F.2d 509, 515 (5th Cir. 1941), cert denied, 314 U.S. 656 (1941)).  But in RKO General, on which the USPS relies, the Court was speaking in the context of "seniority rights created by contract," where "the generally-accepted rule has been that seniority is wholly a creation of the collective bargaining agreement and does not exist apart

12

from that agreement." Id. (alteration and internal quotation marks omitted). The Court specified "that seniority is not a vested right and does not survive the expiration of the agreement that created it." Id.

Unlike seniority rights, the Supreme Court has found that while "the arbitration duty is a creature of the collective-bargaining agreement. . . . [T]ermination of a collective-bargaining agreement [does not] automatically extinguish[] a party's duty to arbitrate grievances arising under the contract." See Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO, 430 U.S. 243, 250-51 (1977); see also Litton, 501 U.S. at 208 ("We presume as a matter of contract interpretation that the parties did not intend a pivotal dispute resolution provision to terminate for all purposes upon expiration of the agreement."). Rather, a "failure to exclude from arbitrability contract disputes arising after termination . . . affords a basis for concluding that [the parties] intended to arbitrate all grievances arising out of the contractual relationship. In short, where the dispute is over a provision of the expired agreement, the presumption favoring arbitrability must be negated expressly or by clear implication." Nolde Bros., 430 U.S. at 255.

13

"A postexpiration grievance can be said to arise under the contract . . . where it involves facts and occurrences that arose before expiration." Litton, 501 U.S. at 205-06. The plaintiff alleges that WPDC management made the decision to single out the plaintiff for nonappointment to career employee status between 2002 and 2005. (Am. Compl. ¶¶ 17-22.) Accepting these allegations as true, the facts and occurrences involved in the plaintiff's grievance arose while the plaintiff was a fee paying union member and while he was covered by the 2000-2006 CBA. Accordingly, the plaintiff, as well as the USPS and Local 51, are still contractually bound by the grievance-arbitration procedures set forth in the 2000 to 2006 CBA, and "it is irrelevant whether the CBA had expired by the time [the plaintiff] filed [his] grievance." See Halsey Drug Co., Inc. v. Drug, Chem., Cosmetic, Plastics & Affiliated Indus. Warehouse Emps., 192 F. Supp. 2d 192, 197 (S.D.N.Y. 2002). "Even if the CBA had expired by the time [the plaintiff] filed [his] grievance . . . the actions that comprised the substance of the grievance clearly arose before the expiration of the CBA and thus were covered by the terms of the CBA." Id. (citing Litton, 501 U.S. at 206).[5]

---

[5] The USPS made it clear that its motion is based on its contention that the plaintiff had no rights under the expired CBA. The USPS "purposely did not move to dismiss on statute of

14

The contractual grievance procedures that still bind the parties impose an explicit duty on Local 51 to represent the plaintiff with his grievance.  Section 2 of Article 15 of the 2000-2006 CBA sets forth the "Grievance Procedure Steps" that the plaintiff must follow when raising a grievance.  (CBA at 9.) At the very first step, the employee is given the contractual right, "if he or she so desires [to] be accompanied and represented by . . . a Union representative."  (CBA at 9.)

Local 51 was chosen as the statutory exclusive bargaining agent for employees of the USPS and represented those employees in the negotiation and agreement upon the 2000-2006 CBA.  Local 51, as the exclusive agent for the employees, agreed to the grievance procedures and agreed to assume the duty to represent the employees with their grievances if the employee so desired. Local 51 could not abandon that duty for an arbitrary or bad faith reason.

The USPS raises several arguments in response.  Initially, the USPS relies on the decision in Derrico v. Sheehan Emergency Hosp., 844 F.2d 22 (2d Cir. 1988), for the proposition that events occurring after the expiration of a CBA cannot be a basis

---

limitations grounds so as to avoid any dispute regarding whether plaintiff 'knew or reasonably should have known' of his cause of action some time sooner than the 7 years he has waited."  (Reply Mem. at 4.)

15

for jurisdiction.  However, in this case, the plaintiff is complaining about events that occurred during the term of the CBA, but which were only discovered at a later date.  <u>Derrico</u> itself acknowledged that "parties must arbitrate even after termination of a CBA containing an arbitration clause" and that this principle "flows from an important and substantial federal policy favoring arbitration of labor disputes."  <u>Id.</u> at 27.

The USPS also attempts to distinguish the <u>Nolde</u> and <u>Litton</u> cases in three ways.  First, the USPS argues that, in this case, Local 51 declined to pursue a grievance while in <u>Nolde</u> and <u>Litton</u> management refused to process a grievance.  The USPS does not explain why this is a meaningful distinction in the context of a hybrid claim where it is alleged that management breached the CBA and the union breached its duty of fair representation. Second, the USPS argues that the plaintiff cannot satisfy the requirements for a hybrid claim, in particular that the dispute be over an obligation created by the expired CBA.  But, in this case, the plaintiff has sufficiently alleged that the USPS violated the terms of the CBA by failing to promote him because of reasons prohibited by the CBA.  Finally, the USPS argues that the plaintiff waited an "unreasonable" length of time to bring his claim after the expiration of the CBA.  But, the USPS already conceded that it did not make any motion asserting that

the lawsuit was barred by the statute of limitations because it did not want to deal with issues of fact such as whether the plaintiff "knew or reasonably should have known of his cause of action sooner." (Reply Mem. at 4.) Indeed, the plaintiff had argued for equitable tolling in this case because of the defendant's alleged efforts at concealment. In view of these allegations, the Court could not decide on this motion to dismiss whether the plaintiff delayed unreasonably after the expiration of the CBA.

Because the grievance-arbitration procedures survive the expiration of the CBA for the plaintiff's grievance "arising under" the expired CBA, the plaintiff has sufficiently pleaded a hybrid claim, namely that the USPS breached the CBA by failing to promote the plaintiff for a discriminatory reason and Local 51 breached its duty of fair representation to the plaintiff by failing to represent him in the grievance proceeding based on a discriminatory and arbitrary reason. The USPS's motion to dismiss is therefore **denied.**

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. Any claims against the USPS for violation of the LMRA or the NLRA are withdrawn and therefore dismissed. The USPS's motion to dismiss the claim under the PRA is **denied**.

**The Clerk is directed to close Docket No. 26.**

SO ORDERED.
Dated:   New York, New York
         September 1, 2012

_____
John G. Koeltl
United States District Judge